IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:25-cr-121 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Ends of Justice Order |
| Jonathan McCluskey, *et al*, | : | |
| | : | |
| Defendants. | : | |

Defendants Jonathan McCluskey, Danielle Calhoun, and Brock Smith are charged with drug trafficking crimes in an 18-count Indictment dated November 20, 2025. (Doc. 17.) The Court held a status conference in this matter on January 13, 2026 after Defendant Smith filed an unopposed Motion to Vacate the Trial Schedule. (Doc. 34.) The Government requested a 60-day continuance at the status conference, to which all defense counsel agreed.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a

1

continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Counsel are exercising due diligence in this matter.  The Government is in the process of producing approximately 1T of electronic discovery to defense counsel.  Defense counsel will need time to review the discovery, discuss it with the Defendants, and begin to prepare their defenses or enter into plea negotiations.  The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  There is only one speedy trial clock in multi-defendant prosecutions in which severance has not been granted, so the continuance granted here applies to all Defendants. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990)

The Court sets this matter for a Status Conference by telephone on March 18, 2026 at 10:00 a.m.  The dates from January 13, 2026 through March 18, 2026 are excluded from the Speedy Trial Act calculation.

**IT IS SO ORDERED.**

BY THE COURT:

Susan J. Dlott
United States District Judge